### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| CARRIE DONNELLY, on behalf of herself and all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT-CLASS ACTION |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| SOUTHERN METALS RECYCLING, INC., ) | _____ |
| ) | |
| Defendant. ) | C V 4 1 8 - 2 0·0 |
| ) | |

## CLASS ACTION COMPLAINT

PLAINTIFF CARRIE DONNELLY, individually and as representative of the class defined below, hereby files this Class Action Complaint against DEFENDANT SOUTHERN METALS RECYCLING and for this cause of action states the following:

### *Nature of the Claim*

1.    Plaintiff, individually and as representative of the class defined below, brings this action against Defendant for violating the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). As set forth below, Defendant failed to provide Plaintiff and the proposed class members with adequate notice, as prescribed by COBRA, of their rights to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute. As a result of this violations, Plaintiff and the Class members seek statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

1

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

3.       Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiff resides in this District, the violation at issue took place in this District, and Defendant has business operations in this District.

## PARTIES

4.       Plaintiff is a Georgia resident and former employee of Defendant's who was a covered employee and participant in Defendant's group health plan the day before the termination of her employment in August 2017, which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering her a qualified beneficiary of the group health plan pursuant to 29 U.S.C. § 1167(3).

5.       Defendant is a corporation with its principal office in Savannah, Georgia, and has employed more than 20 employees who were members of the group health plan in each relevant year.

6.       Defendant is a sponsor within the meaning of 29 U.S.C. § 1002(16)(B), and the administrator of the group health plan within the meaning of 29 U.S.C. § 1002(16)(A).

7.       The group health plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

2

*Background Relating to COBRA Notice Requirements*

8.      The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

9.      Among other things, COBRA provides that the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year "shall provide ... each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event" the option to "elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

10.      COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

11.      The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

12.      Section 2590.606-4(b)(1), states:

Except as provided in paragraph (b)(2) or (3) of this section, upon receipt of a notice of qualifying event ..., the administrator shall furnish to each qualified beneficiary, not later than 14 days after receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

13.      In the event that a plan administrator fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. §

3

1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but

not limited to actual out-of-pocket damages, injunctive relief pursuant to 29 U.S.C. § 1132(a)(3)

and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

14.    Plaintiff was employed by Defendant from 2016 until August 2017.

15.    Plaintiff experienced a qualifying event (termination of employment) in August

2017 and the notice required by COBRA was due to Plaintiff no later than the timeframe

required by law.

16.    Defendant did not provide Plaintiff with the notice required by COBRA within

the timeframe provided by law.

17.    Plaintiff reached out to Defendant many times to ask about the notice. As an

example, Plaintiff emailed Madison Elliott on January 9, 2018 about the notice. The email was

forwarded to Mary Ellen Cheek, who responded on January 18, 2018:

> I'm still checking on why the forms didn't get to you. You are aware
> though that you'd be looking at an approximate $6,000-$7,000 to get you
> and your daughters covered since you left SMR, right? If you only opt for
> coverage for you, it would probably be around $3,000-$4,000. Please let
> me know asap if I should keep digging on this issue.

18.    Plaintiff responded that she was aware of these facts and still wanted coverage.

19.    Nonetheless, Defendant did not respond until March 2018. On March 15, 2018,

Plaintiff again emailed Ms. Cheek: "At this point the medical bills are stacking higher and the

premiums are multiplied. There has [sic] been many issues as a result of no medical coverage for

myself and daughter.   What's the been [sic] hold up for cobra this many months?"

20.    Ms. Cheek responded:

> Here is what I found out. They don't automatically send out COBRA
> paperwork when an employee leaves. It has to be requested by the

4

> employee within 60 days of leaving employment. Since it was already
> past the 60 days, they are saying you aren't eligible; however, they did
> give me a third party administrator phone number that may be able to help
> you. It is a company called Wage Works and they handle COBRA and
> various other options. You would need to call them at 866-924-6938 to
> see what you are eligible for. I'm not sure there is anything else I can do
> at this time, but if Wage Works needs any info from us, have them email
> me.

21.    No matter Ms. Cheek's incorrect analysis of Defendant's legal duties, Defendant

never provided Plaintiff with the required notice in the required timeframe.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the following persons:

> All employees, former employees and qualified beneficiaries of Defendant
> who were entitled to be provided notice of their COBRA rights because of
> a covered employee's qualifying event and who were not provided said
> notice in a timely fashion pursuant to 29 U.S.C. § 1166.

23.    Excluded from this Class are (1) the officers and directors of Defendant; (2) any

judge or judicial officer assigned to this matter or his or her immediate family; and (3) any legal

representative, successor, or assign of any excluded person.

24.    Numerosity: The Class is so numerous that joinder of all Class members is

impracticable. On information and belief, hundreds of individuals satisfy the definition of the

Class.

25.    Typicality: Plaintiff's claims are typical of the Class. Defendant has failed to send

the required COBRA notice to Plaintiff and to all Class members within the timeframe required

by law.

26.    Adequacy: Plaintiff will fairly and adequately protect the interests of the

5

Class members, she has no interests antagonistic to the class, and has retained counsel
experienced in complex class action litigation.

27.      Commonality: Common questions of law and fact exist as to all members of the
Class and predominate over any questions solely affecting individual members of the Class,
including but not limited to:

a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. §
1167(1).

b. Whether statutory penalties should be imposed against Defendant under 29 U.S.C.
§ 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in
what amount;

c. The appropriateness and proper form of any injunctive relief or other equitable
relief pursuant to 29 U.S.C. § 1132(a)(3); and

d. Whether (and the extent to which) other relief should be granted based on
Defendant's failure to comply with COBRA notice requirements.

28.      Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because
questions of law and fact common to the Class predominate over any questions affecting only
individual members of the Class, and because a class action is superior to other available
methods for the fair and efficient adjudication of this controversy. The claims in this action
stem from common and uniform policies and practices which resulted in common violations of
the notice requirements as to members of the Class.  Class Members do not have an interest in
pursuing separate individual actions against Defendant, as the amount of each Class Member's
individual claims is relatively small compared to the expense and burden of individual

6

prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.'

29.     Plaintiffs intend to send notice to all Class Members to the extent required by Rule 23. The names and addresses of the Class Members are available from Defendant's records.

## CLAIM FOR RELIEF

**Count 1:     Violation of COBRA's Notice Requirements**

30.     Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

31.     Defendant's plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

32.     Defendant is the sponsor and administrator of the group health plan, and was subject to the continuation of coverage and notice requirements of COBRA.

33.     Plaintiff and the Class members experienced "qualifying events" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

34.     Nevertheless, Defendant did not send Plaintiff or the Class members the notice required by COBRA within the proper timeframe.

35.     This violation was material and willful.

7

36.    Defendant knew it was required to send a notice to Plaintiff and the Class

members, but chose to not do so in deliberate or reckless disregard of the rights of Plaintiff and

the Class members.

37.    Plaintiff and the Class members are entitled to bring suit for Defendant's violation

of the notice requirements of COBRA.  It would have been futile for Plaintiff and the Class

members to pursue administrative remedies relating to the notice violation alleged herein, as

there is no administrative remedy for such violations.

38.    As a result of Defendant's violation of the notice requirements of COBRA,

Plaintiff and the Class members are entitled to:

> a.  statutory penalties of $110 per day;
> b.  injunctive and other equitable relief;
> c.  attorneys' fees and costs and expenses in connection with this action; and
> d.  other relief in the discretion of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

> a.  Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3),
>
> b.  Awarding statutory penalties under 29 U.S.C. § 1132(c)(1) and 29 C.F.R. §
>     2575.502c-1 in the amount of $110 per day;
>
> c.  Awarding attorneys' fees, costs and expenses to Plaintiff's counsel under 29
>     U.S.C. § 1132(g)(1) and other applicable law; and
>
> d.  Granting such other and further equitable and appropriate relief, in law or
>     equity, as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

8

**Plaintiff hereby demand a jury trial on all claims for which she has a right to a jury.**

DATED: August 24, 2018

By: /s/ Andrew Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand (*pro hac vice to be filed)*
Georgia Bar No. 181568
WEINER & SAND LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFF